UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DWIGHT ROSS,

    Plaintiff,

v.                       CASE NO. 8:10-CV-1813-T-17AEP

VALERIE L. JACKSON,
etc.,

    Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 11    Motion to Modify Case Track
Dkt. 12    Motion to Dismiss
Dkt. 13    Motion to Remand
Dkt. 14    Motion to Stay Proceeding
Dkt. 16    Motion for Inquiry

In the Complaint, Plaintiff Dwight Ross, pro se alleges that Defendant Valerie L. Jackson, deliberately and maliciously wrote and submitted a false Florida Department of Corrections Charging Disciplinary Report as to Dwight Ross, resulting in Dwight Ross being placed in confinement for thirty days, loss of thirty days gain time, forfeiture of twenty days gain time, denial of telephone contact and visitation with his family during confinement, loss of weight from stress and emotional effects of segregation, and which deprived Plaintiff Ross of his right to liberty and violated Plaintiff's protection from cruel and unusual punishment under the Eighth and Fourteenth Amendments. Plaintiff Ross seeks a judgment for money damages against Defendant Jackson in her individual capacity.

I. Motion to Remand

Plaintiff Ross has moved to remand this case to Polk County Circuit Court, Tenth Judicial Circuit. Plaintiff Ross argues that Plaintiff's Complaint was filed pursuant to Sec. 768.28, Florida Statutes, to pursue Plaintiff's claim for damages against Defendant Valerie L. Jackson in her individual capacity.

On its face, the Complaint includes allegations of the deprivation of federally protected rights by a person acting under color of state law, along with other allegations. After consideration, the Court finds that this case was properly removed on the basis of federal question jurisdiction. The Court therefore **denies** Plaintiff's Motion to Remand.

II. Motion to Dismiss

A. Standard of Review

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Id., at 570. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. Two working principles underlie Twombly. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare

recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

B.  Discussion

Defendant Valerie L. Jackson requests that the Court dismiss this case pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), which is applicable to claims surrounding prison disciplinary proceedings. Edwards v. Balisok, 520 U.S. 641, 648 (1977); Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)(Sec. 1983 action barred if success necessarily demonstrates invalidity of confinement or duration). Defendant Jackson argues that the October 21, 2008 disciplinary report has not been overturned. After investigation, Plaintiff Ross was found guilty of the DR (Exhibits). Defendant Jackson argues that success in Plaintiff's Sec. 1983 suit would necessarily negate the underlying DR.

Defendant Jackson further argues that Plaintiff Ross cannot recover compensatory or punitive damages, if Plaintiff cannot

3

Case No. 8:10-CV-1813-T-17AEP

demonstrate physical injury. See 42 U.S.C. Sec. 1997e(e); Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007).

The Court notes that Plaintiff Ross did not file a response to Defendant's Motion to Dismiss, but instead filed a Motion to Remand, which the Court has denied. After consideration, the Court **grants** Defendant Jackson's Motion to Dismiss, with prejudice.

Defendant Jackson requests the imposition of sanctions under 28 U.S.C. Sec. 1915(e)(2)(B) and Ch. 944.279, Florida Statutes. After consideration, the Court finds that the dismissal of this case with prejudice is a sufficient sanction. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Remand is **denied**, and Defendant Jackson's Motion to Dismiss is **granted**. The Clerk of Court shall enter a final judgment in favor of Defendant and against Plaintiff, and close this case. The Court **denies** all other pending motions as moot (Dkts. 11, 14, 16).

**DONE AND ORDERED** in Chambers, in Tampa, Florida on this 10th day of June, 2011.



ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record